UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUGO HERNANDEZ-CHOLALPAN,<br><br>                    Petitioner,<br><br>     v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>                    Respondent. | Case No. C14-496-MJP-BAT<br><br>**REPORT AND RECOMMENDATION** |

## BACKGROUND AND DISCUSSION

Petitioner Hugo Hernandez-Cholalpan is a native and citizen of Mexico, who has been detained at the Northwest Detention Center since September 9, 2013. On April 4, 2014, he filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking a bond hearing and release on bond. Dkt. 1. Respondent Department of Homeland Security ("DHS") has moved to dismiss, arguing that Mr. Hernandez-Cholalpan's petition is moot because Immigration and Customs Enforcement ("ICE") has since determined that he is entitled to be released upon posting a $20,000 bond. Dkt. 6. DHS indicates that although Mr. Hernandez-Cholalpan has not yet posted bond, he acknowledged receipt of the bond determination and did not request review of that determination by an Immigration Judge ("IJ"). *See* Dkt. 6-1. Mr. Hernandez-Cholalpan did not respond to the motion to dismiss.

The Court agrees with DHS that Mr. Hernandez-Cholalpan's request for release on bond is moot.  Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies.  *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988).  Because Mr. Hernandez-Cholalpan has already been granted the ultimate relief sought—an order allowing his release on bond—his claim is now moot.  *See Abdala v. I.N.S.*, 488 F.3d 1061, 1065 (9th Cir. 2007) (claims are moot where court cannot provide the requested relief).

The fact that Mr. Hernandez-Cholalpan did not receive the requested bond hearing before an IJ does not change the Court's determination.  As noted by DHS, Mr. Hernandez-Cholalpan did not request review of ICE's bond determination by an IJ.  *See* Dkt. 6-1.  Therefore, he has not exhausted his administrative remedies.  *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (district court should dismiss § 2241 petition without prejudice where petitioner fails to exhaust prudentially required administrative remedies and exhaustion is not waived).

## CONCLUSION

Based on the foregoing, the Court recommends that DHS's motion to dismiss, Dkt. 6, be GRANTED, Mr. Hernandez-Cholalpan's habeas petition be DENIED, and this action be DISMISSED without prejudice.  A proposed order accompanies this Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order.  Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.  Objections, however, may be filed and served upon all parties no later than **July 7, 2014.**  The Clerk should note the matter for **July 11, 2014**, as ready for the District Judge's consideration if no objection is filed.  If objections are

filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed eight (8) pages. The failure to timely object may affect the right to appeal.

DATED this 16th day of June, 2014.

BRIAN A. TSUCHIDA
United States Magistrate Judge